# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KENNETH M. LEE,

        Appellant,

        v.

OFFICE OF PERSONNEL
  MANAGEMENT,

        Agency.

DOCKET NUMBER
AT-0831-16-0252-I-1

DATE: September 23, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Kenneth M. Lee</u>, Loris, South Carolina, pro se.

<u>Sarah Murray</u>, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his appeal from the denial of credit for a portion of his Federal and military service in the calculation of his retirement annuity under the Civil Service Retirement System (CSRS) by the Office of Personnel

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Management (OPM).  Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        On May 5, 2015, the appellant applied for deferred retirement under CSRS. Initial Appeal File (IAF), Tab 9 at 6-8.  In a letter dated October 5, 2015, OPM notified the appellant that he could make a deposit to obtain credit for part of his Federal service during which no retirement deductions were withheld from his salary.  IAF, Tab 1 at 13.[2]  OPM further advised him that his election to make or not make a deposit was "irrevocable" and could not "be changed after final adjudication of [his] claim," and that he had to reply within 30 days of the date of the letter.  *Id.* at 14.  In a letter dated November 23, 2015, OPM again notified the appellant that he could make a deposit to obtain service credit, but altered the current monthly annuity amount on the election form.  *Id.* at 15-16.  In an undated form RI 20-49, OPM informed the appellant that he had not received credit for his

---

[2] The administrative judge made a typographical error in stating that the letter was dated "October 4, 2015."  IAF, Tab 15, Initial Decision at 1.

military service in the calculation of his retirement annuity because he did not make a deposit before he retired. *Id.* at 17-19.

¶3 The appellant filed this appeal to the Board disputing OPM's claim that he had not made retirement contributions to receive credit for part of his Federal and military service in the calculation of his retirement annuity. *Id.* at 2-12. OPM filed a motion to dismiss the appeal for lack of jurisdiction because it had not issued a final or initial decision in the matter. IAF, Tab 9 at 4. OPM claimed that it had finalized the appellant's retirement annuity benefits on November 11, 2015, but that further review of the computation of his annuity was needed based on his submissions in this appeal. *Id.* OPM further stated that, once this appeal was dismissed, it intended to remand his file to OPM's adjudication branch for review and issue an initial decision with reconsideration rights. *Id.*

¶4 In a show cause order, the administrative judge advised the appellant that the Board generally lacks jurisdiction over a retirement matter when OPM has not issued a reconsideration decision. IAF, Tab 10 at 1. She advised him of his burden of proving jurisdiction over the appeal and ordered him to file evidence and argument on the jurisdictional issue. *Id.* at 2. The appellant responded to the show cause order. IAF, Tabs 13-14. He argued that the Board had jurisdiction over the appeal because OPM had finalized his retirement annuity benefits. IAF, Tab 13 at 2-3. He further alleged that OPM had no intention to issue a reconsideration decision because it had been unresponsive for 8 months since he applied for retirement. *Id.* at 3.

¶5 The administrative judge issued an initial decision granting the agency's motion and dismissing the appeal for lack of jurisdiction. IAF, Tab 15, Initial Decision (ID) at 1, 4. She found that the Board lacked jurisdiction over the appeal because OPM had not issued a final decision on the appellant's claim and stated that it intended to issue one. ID at 4. She further found that OPM had been actively processing his application since he applied for retirement and the

totality of the circumstances did not support taking jurisdiction over the appeal. *Id.*

¶6     The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  OPM has filed a response.  PFR File, Tab 4.  The appellant has filed a reply to OPM's response.  PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board lacks jurisdiction over the appeal.

¶7     The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  The appellant has the burden of proving the Board's jurisdiction by a preponderance of the evidence.[3]  5 C.F.R. § 1201.56(b)(2)(i)(A).  The Board has jurisdiction over OPM determinations affecting an appellant's rights or interests under CSRS only after OPM has issued a final decision.  *Morin v. Office of Personnel Management*, 107 M.S.P.R. 534, ¶ 8 (2007), *aff'd per curiam*, 287 F. App'x 864 (Fed. Cir. 2008); *see* 5 U.S.C. § 8347(d); 5 C.F.R. § 831.110.[4]  However, the Board will take jurisdiction over an appeal concerning a retirement matter in which OPM has refused or improperly failed to issue a final decision.  *Okello v. Office of Personnel Management*, 120 M.S.P.R. 498, ¶ 14 (2014).  In such a case, the Board will

---

[3] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.4(q).

[4] The administrative judge erroneously cited to regulations relevant to establishing jurisdiction over a retirement matter under the Federal Employees' Retirement System (FERS).  ID at 2.  However, we find no reason to disturb the initial decision because such error does not affect the outcome of the appeal.  *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).  The applicable laws and regulations under both FERS and CSRS require the issuance of a reconsideration decision by OPM for the Board to have jurisdiction over a retirement matter.  *Compare* 5 U.S.C. § 8461(e), *and* 5 C.F.R. § 841.308, *with* 5 U.S.C. § 8347(d), *and* 5 C.F.R. § 831.110.

consider the totality of the circumstances to find that OPM's failure to act on the matter itself constitutes an appealable administrative action affecting the appellant's rights under a retirement system. *See id.*, ¶ 15 (finding that OPM's lengthy delay and repeated administrative missteps in issuing a final, appealable decision constituted a sufficient basis for the Board to take jurisdiction over the appeal).

¶8	Here, OPM asserted that it had not issued a final or initial decision on the appellant's claim, but that it intended to review his case and issue an initial decision with reconsideration rights after the dismissal of this appeal. IAF, Tab 9 at 4. The administrative judge relied on OPM's assertions in finding that the Board lacked jurisdiction over the appeal. ID at 4.

¶9	In his petition for review, the appellant disputes the administrative judge's finding that the Board lacks jurisdiction over the appeal. PFR File, Tab 1 at 6-8. First, he asserts that the Board has jurisdiction because OPM has made a final annuity calculation. *Id.* at 7. To support his argument, he cites to the election forms sent by OPM that stated that he had to reply within 30 days of the date of the notice, and that his election to make or not make a deposit for service credit was "irrevocable" and could not "be changed after final adjudication of [his] claim." *Id.*; IAF, Tab 1 at 14, 16. He also claims that OPM determined a final "benefit package" on November 30, 2015, and cites to a personalized booklet of retirement benefits. PFR File, Tab 1 at 7; IAF, Tab 1 at 32-38.

¶10	We find that OPM did not make a final decision within the meaning of OPM's regulations. Under 5 C.F.R. § 831.109(f), a final decision must contain a written notice of a Board appeal right. *Cf. Powell v. Office of Personnel Management*, 114 M.S.P.R. 580, ¶ 9 (2010) (finding that OPM's letter without notice of a Board appeal right constituted an appealable final decision when there was no indication that OPM intended to take further action in the case). Thus, the appellant has not provided evidence of a final decision, and, as discussed below,

he has not provided evidence indicating that OPM does not intend to issue an initial decision with reconsideration rights as it stated in its motion to dismiss.

¶11    Next, the appellant argues that the Board has jurisdiction because OPM has been unresponsive to his claims, has caused continual delays, and does not intend to issue an appealable decision. PFR File, Tab 1 at 8. In support, he cites to *Okello*, 120 M.S.P.R. 498, ¶ 15, which found that OPM's failure to act on the appellant's retirement matter constituted an appealable administrative action. However, the facts of this case do not approach the unusual and compelling circumstances present in *Okello*, 120 M.S.P.R. 498, ¶¶ 3-11, 15-16, which included a 6-year delay plus numerous abortive decisions and administrative errors, such that the Board could find that OPM has effectively abdicated its role of adjudicating the appellant's claim. Further, there is no supporting evidence for his allegation that OPM's intention to issue an initial decision with reconsideration rights is deceptive and a "delay tactic." PFR File, Tab 1 at 8; *cf. Okello*, 120 M.S.P.R. 498, ¶ 15 (finding that, although OPM's representation that it intended to issue a further decision on a retirement matter normally weighs significantly against the Board taking jurisdiction over an appeal, the Board had little confidence that OPM would follow through with its stated intention based on the extraordinary circumstances of the case).

The appellant's additional claims on review fail to provide a reason to disturb the initial decision.

¶12    The appellant's remaining arguments do not provide a reason to disturb the initial decision. First, he argues that the administrative judge erroneously considered OPM's untimely response to the acknowledgment order, including its motion to dismiss. PFR File, Tab 1 at 8. After OPM failed to timely respond to the administrative judge's multiple orders, she suspended case processing for 30 days under 5 C.F.R. § 1201.28(a) to allow OPM additional time to submit a response. IAF, Tab 2 at 6, Tabs 4-5, 7. Because OPM filed its response before

the end of case suspension, we find that its response was timely filed and the administrative judge properly considered it.  IAF, Tab 9.

¶13　　Next, the appellant alleges that his copy of OPM's motion to dismiss did not contain a date of service.  PFR File, Tab 1 at 8; *see* 5 C.F.R. § 1201.26(b)(2) (providing that a certificate of service stating how and when service was made must accompany each pleading served by a party).　　However, OPM's representative registered as an e-filer, and, in the certificate of service generated by e-Appeal Online when OPM electronically filed its March 16, 2016 motion to dismiss, OPM agreed to serve the appellant by U.S. mail by the end of the next business day.  IAF, Tab 8, Tab 9 at 9; 5 C.F.R. § 1201.14(j)(1).　　The appellant alleges that "OPM was also allowed to argue its case outside of protocol in a letter to the judge without receiving rebuttal."  PFR File, Tab 1 at 9.  To the extent the appellant is referring to OPM's motion to dismiss, we find that he concedes that he received a copy of the motion, it complied with the Board's procedural requirements, he had an opportunity to respond to it, and he did, in fact, submit responses, after the administrative judge issued the show cause order.  IAF, Tabs 13-14.

¶14　　Further, the appellant alleges that he was prejudiced by the administrative judge's erratum order, which limited the time for him to submit a response to the show cause order to 10 days.  PFR File, Tab 1 at 8; IAF, Tab 12.  We find that the administrative judge's error provides no reason to disturb the initial decision because the appellant has not shown how it affected the outcome of the appeal. *See Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (finding that an administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights).

¶15　　Additionally, the appellant contends that the administrative judge failed to grant his motion to compel discovery.  PFR File, Tab 1 at 9; IAF, Tab 6 at 1-3. The administrative judge acknowledged his motion to compel below, but declined to consider it until OPM provided its agency response.  IAF, Tab 7 at 1 n.1.

Under 5 C.F.R. § 1201.41(b)(4), an administrative judge has broad discretion in ruling on discovery matters, and, absent an abuse of discretion, the Board will not find reversible error in such rulings. *Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 15 (2013); *Wagner v. Environmental Protection Agency*, 54 M.S.P.R. 447, 452 (1992), *aff'd*, 996 F.2d 1236 (Fed. Cir. 1993) (Table). Having reviewed the appellant's claim on review and the record, we find that the administrative judge did not abuse her discretion in denying his motion to compel.

¶16     We also find that the appellant has not shown that the administrative judge abused her discretion by not imposing sanctions against OPM for failing to respond to her orders. PFR File, Tab 1 at 9; *see Smets v. Department of the Navy*, 117 M.S.P.R. 164, ¶ 11 (2011) (stating that the imposition of sanctions is a matter within the administrative judge's sound discretion, and, absent a showing that such discretion has been abused, the administrative judge's determination will not be found to constitute reversible error), *aff'd per curiam*, 498 F. App'x 1 (Fed. Cir. 2012); 5 C.F.R. § 1201.41(b)(11).

¶17     Moreover, the appellant asserts that the administrative judge erroneously found that he had received a refund of retirement contributions. PFR File, Tab 1 at 8. We find that the administrative judge did not make such a finding, but instead summarized OPM's letter stating that he may have received a refund of his retirement contributions. ID at 1-2; IAF, Tab 1 at 13. Further, this argument on the merits of the appeal is irrelevant to the jurisdictional issue before the Board. *See, e.g.*, *Sapla v. Department of the Navy*, 118 M.S.P.R. 551, ¶ 7 (2012) (finding that the appellant's arguments on the merits of her appeal were not relevant to the jurisdictional question).

¶18     Similarly, we find that the appellant's claim that OPM violated his due process rights by denying him the full amount of his retirement annuity is not a basis for Board jurisdiction over his appeal. PFR File, Tab 1 at 9. We also find

that his allegation of OPM's violation of the Administrative Procedure Act is inapposite to the dispositive jurisdictional issue. *Id.* at 10.

¶19 Finally, although the appellant argues that the administrative judge was biased in favor of OPM, we find that he has failed to overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Id.* at 9; *see Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980).

¶20 Accordingly, we find that the administrative judge properly dismissed this appeal for lack of jurisdiction.[5] If the appellant is dissatisfied with any subsequent OPM decision regarding his retirement benefits, he may request that OPM reconsider the decision, and, if he is still dissatisfied, he may appeal OPM's final decision to the Board. *See* 5 U.S.C. § 8347(d); 5 C.F.R. § 831.110. Any future appeal must be filed within the time limits set forth in the Board's regulations. *See* 5 C.F.R. § 1201.22.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory

---

[5] Because we find that the Board lacks jurisdiction over this appeal, we deny the appellant's request to remand the case for summary judgment and assign a new administrative judge. PFR File, Tab 1 at 10.

deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.